IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION

VELIA GEORGES

CASE NO.: 2022-018534 CA (15)

Plaintiff,

v.

HEBREW HOME SINAI, INC., d/b/a
ARCH PLAZA NURSING AND
REHABILITATION CENTER,

Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, VELIA GEORGES, ("Plaintiff") sues the Defendant, HEBREW HOME SINAI, INC, d/b/a ARCH PLAZA NURSING AND REHABILITATION CENTER ("Defendant") and alleges:

### INTRODUCTION

1. This is an action to recover damages and injunctive relief pursuant to the Age Discrimination in Employment Act of 1967 (29 U.S.C. §621 *et. seq.*) and the Florida Civil Rights Act of 1992 (Florida Statutes Chapter 760 *et seq.*). After more than eleven (11) years of devoted and continuous service to her employer, Plaintiff was intentionally and improperly discriminated against when she was terminated from her job as a Cook, on March 11, 2020. Her termination was committed with malice and reckless disregard for her rights on the basis of her age.

### JURISDICTIONAL ALLEGATIONS

2. This is an action against the Defendant to recover damages and injunctive relief pursuant to the Florida Civil Rights Act, Fla. Stat Ch. 760, *et seq.*

3. This Court has jurisdiction over this action because the amount in dispute is in excess of $30,000 and because jurisdiction is appropriate pursuant to Florida Statute Chapter 760 *et. seq.*

4. Venue is proper in Miami-Dade County pursuant to §47.041, Fla. Stat.

## PARTIES

5. Plaintiff, at all material times, was a United States citizen and lawful resident of Miami-Dade County, over the age of 18, and was employed by Defendant in the position of "Cook" from 1999 until her termination on or about March 11, 2020.

6. At all times material, Defendant is located in Miami-Dade County, employs more than 15 persons, and was Plaintiff's employer at the time of the actions giving rise to this cause of action.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

7. As jurisdictionally relevant, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission which was assigned charge number 510-2022-00311.

8. After completing its investigation, the Equal Employment Opportunity Commission issued its Notice of Right to Sue on July 29, 2022. The Notice of Right to Sue is attached hereto as Exhibit "A".

9. Thus, all conditions precedent to the initiation of this action against Defendant have been complied with through the administrative procedures of the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

## FACTS GIVING RISE TO CAUSE OF ACTION

*Georges v. Hebrew Home Sinai, Inc.*
Page 3

10. Plaintiff was employed by Defendant from 1999 until 2020.

11. Plaintiff was known as a hard-working, reliable and cooperative employee. She received excellent reviews for her service during her employment 1999 until she was terminated.

12. Plaintiff was terminated on March 11, 2020. At the time of her termination, her supervisor was Ms. Donna Catfield. Ms. Catfield terminated Plaintiff for pretextual reasons in the form of write ups that were false and insufficient to justify the termination of a long-time employee like Plaintiff. The real reason her employment was terminated was because of her age based upon numerous statements and comments made by Ms. Catfield about Plaintiff's age.

13. Plaintiff was born on August 24, 1953, and was 67 years old at the time she was wrongfully terminated.

14. The termination of Plaintiff's employment improper under law and was in violation of the Defendant's own policies and procedures. Moreover, the discrimination on the basis of age was willfully and knowingly perpetrated by the Defendant.

15. Plaintiff was humiliated, embarrassed and shamed that she would be terminated from her job, and she has suffered a great deal of mental anguish since and as a result of her termination.

16. Plaintiff lost her only source of employment as a result of her termination and has been forced to seek alternate employment without success.

17. As a direct and proximate result of the acts and omissions set forth above, Plaintiff has suffered the following injuries and/or damages for which she seeks redress:

    A. Pain and suffering.

    B. Mental anguish, including but not limited to embarrassment, humiliation, personal inconvenience, and emotional distress;

*Georges v. Hebrew Home Sinai, Inc.*
Page 4

C. Loss of capacity for the enjoyment of life;

D. Punitive damages and/or liquidated damages;

E. Legal fees and expenses;

F. Loss of earnings and increases in pay in the past and future;

G. Loss of earning capacity;

H. Injury to reputation;

I. Loss of the rights described herein;

J. Back Pay;

K. Reinstatement or the value or the reinstatement of all benefits that she would have enjoyed but for the wrongful discharge including, but not limited to, bonuses, retirement and pension benefits, health insurance, meal benefits, and vacation benefits;

L. Incidental expenses;

M. Front pay and benefits until Plaintiff attains the age of 70 and/or a reasonable time;

N. Post-judgment interest;

O. Any other relief this Court deems just and equitable.

Said damages are continuing in nature and Plaintiff will so suffer in the future.

18. Trial by jury demanded for all issues so triable of right by jury.

## COUNT I

**Claim for Age Discrimination in Violation of Florida Civil Rights Act of 1992**

19. The allegations of Paragraphs 1 through 18 are adopted and incorporated as if they were fully set forth herein.

*Georges v. Hebrew Home Sinai, Inc.*
Page 5

20. The conduct of the Defendant to the Plaintiff in relation to her improper termination on the basis of age violates the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760.

21. Defendant's violation of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760 has resulted in damages to Plaintiff.

22. As a result of the Defendant's violation, Plaintiff is entitled to recover compensatory damages against the Defendant, injunctive relief and punitive damages.

23. Under the terms of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760, Plaintiff is entitled to recover from Defendant's her attorney's fees and costs in bringing this action.

WHEREFORE, Plaintiff, VELIA GEORGES, demands judgment against the Defendant HEBREW HOME SINAI, INC., d/b/a ARCH PLAZA NURSING AND REHABILITATION CENTER for damages as set forth above, plus injunctive relief, back pay, reinstatement including the value of or the reinstatement of all benefits that he would have enjoyed but for the discriminatory termination, including, but not limited to, bonuses, retirement and pension benefits, 401(K) benefits, health insurance, and vacation benefits, front pay, the costs of this action, attorney's fees pursuant to Fla. Stat. Ch. 760 and further demands judgment for punitive damages and for such other relief as the Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

## COUNT II

### Claim for Violation of Age Discrimination in Employment Act of 1967

24. The allegations of Paragraphs 1 through 18 are adopted and incorporated as if they

*Georges v. Hebrew Home Sinai, Inc.*
*Page 6*

were fully set forth herein.

25. This action arises under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et. seq.*

26. The actions taken by Defendant in terminating Plaintiff based on her age are in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

27. Plaintiff was discriminated against by the Defendant because of her age since she was wrongfully terminated because of her age.

28. Defendant and its management personnel knew that their termination of Plaintiff was in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et. seq.*, or recklessly disregarded the rights of the Plaintiff and whether their acts were in violation of law.

29. As a direct and proximate result of the age discrimination by the Defendant, Plaintiff has sustained a loss of back pay, benefits, incidental expenses, and front pay and benefits.

30. Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. §626(b) because of Defendant's willful violation of the Age Discrimination in Employment Act.

31. Plaintiff is further entitled to her costs and attorneys' fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, VELIA GEORGES demands judgment against the Defendant for back pay; for the value of or the reinstatement of all benefits that he would have enjoyed but for the discriminatory termination, including, but not limited to, bonuses, retirement and pension benefits, 401(K) benefits, health insurance, and vacation benefits; incidental expenses; front pay and benefits; liquidated damages; costs and reasonable attorneys fees; prejudgment interest on all liquidated damages; compensatory damages; and all other relief the Court sees fit to grant.

*Georges v. Hebrew Home Sinai, Inc.*
Page 7

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all counts so triable.

Respectfully Submitted;

**FEILER & LEACH, P.L.**
*Attorneys for Plaintiff*
901 Ponce de Leon Blvd.
Suite # 300
Coral Gables, Florida 33134
Tel: (305) 441-8818
Fax: (305) 441-8081
Mel@flmlegal.com
erodriguez@flmlegal.com

By: /s/ Martin E. Leach
     **MARTIN E. LEACH**
     Fla. Bar No. 0037990



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Miami District Office
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 07/29/2022

To: Ms. Velia Georges
760 N. W. 202nd Street
Miami Gardens, FL 33169
Charge No: 510-2022-00311

EEOC Representative and email:   Debrick Slater
Federal Investigator
Debrick.Slater@EEOC.Gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2022-00311.

On behalf of the Commission,

Digitally Signed By: Roberto Chavez 07/29/2022

Roberto Chavez
Acting District Director



PLAINTIFF'S EXHIBIT "A"